CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 30 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA and COMMONWEALTH OF VIRGINIA, *ex rel.* | : : : |
| JESSICA PATTERSON | : CIVIL ACTION NO. 6:19CV00068 |
| v. | : Jury Trial Demanded |
| 1ST ADULT N PEDIATRIC HOME HEALTHCARE SERVICES, INC. | : TO BE FILED UNDER SEAL AND *IN CAMERA* |

## COMPLAINT

1. This *qui tam* action is brought by Relator **JESSICA PATTERSON** in the names of the United States of America and the Commonwealth of Virginia, respectively, to recover damages and penalties arising from the submission of false claims for payment by the Defendant, **1ST ADULT N PEDIATRIC HOME HEALTHCARE SERVICES, INC.**[1] under the federal False Claims Act (31 U.S.C 3729 *et seq.*) and the Virginia Taxpayers Against Fraud Act (Code of Virginia § 8.01-216.1 *et seq.*).

2. Ms. Patterson is an "original source" of the information pertinent to this Complaint as defined by 31 U.S.C. 3720(e)(4).

3. Ms. Patterson did not derive the allegations in this Complaint from public disclosures.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal False Claims Act counts pursuant to 31 U.S.C. 3732(A) and 28 U.S.C. 1331.

5. This Court has jurisdiction over the false claims count under the Virginia Taxpayers

---

[1] The spelling of the corporate name is taken from the records of the Virginia State Corporation Commission Clerk's office. The company conducts business as "1st Adult & Pediatric Healthcare Services, Inc"

Against Fraud Act pursuant to 31 U.S.C. 3732(B).

6. Venue is proper in this Court because (i) the defendant regularly conducts business in the Western District of Virginia and (ii) some of the acts alleged in the Complaint occurred in the Western District of Virginia.

## PARTIES

7. Plaintiff **United States of America** is a sovereign federal government. The United States of America administers and pays claims for payment by Medicare and provides substantial funding to pay claims for payment by Medicaid.

8. Plaintiff **Commonwealth of Virginia** is a sovereign state of the United States of America. The Commonwealth of Virginia administers and pays claims for payment by Medicaid and provides substantial funding to pay claims by Medicaid.

9. Relator **Jessica Patterson** ("Ms. Patterson") is a citizen of Virginia who resides in the City of Lynchburg.

10. Defendant **1st Adult And Pediatric Home Health Care Services, Inc**. ("Defendant" or "1st Adult") is a Virginia corporation in the business of providing home health care services in the Commonwealth of Virginia and elsewhere. Its registered agent is Business Filings Incorporated, 4701 Cox Rd Ste 285, Glen Allen, VA 23060-6808. Its principal office is located at 10650 Main Street, Suite 102, Fairfax, VA 22030 and its president is Carolyn Bryant-Taylor.

## FACTS

11. Ms. Patterson became involved with 1st Adult when her infant daughter, L. H.,[2] a Medicaid beneficiary, required home health care services.

---

2  Ms. Patterson's daughter is identified by her initials for the sake of her privacy.

12.     1st Adult operates a business headquartered in Fairfax, Virginia that provides home health care services to Medicare and Medicaid patients.

13.     Beginning on March 9, 2018, 1st Adult provided home health care services to L. H.

14.     During the course of her care, on three separate occasions, L. H. was approved by Medicaid to receive up to 112 hours per week (16 hours per day, seven days per week) of home health care service, however, 1st Adult actually provided much less than 112 hours per week of care to L. H.

15.     1st Adult billed Medicaid weekly for home health care services to L.H from March, 2018 to September, 2019, when Ms. Patterson terminated 1st Adult's care of L. H.

16.     On September 30, 2019, Ms. Patterson called L. H.'s Medicaid patient care manager and confirmed that 1st Adult had been billing Medicaid for 112 hours per week of approved care for L. H., when 1st Adult had actually only provided less than half of those hours per week of care.

17.     Ms. Patterson is in possession of all of 1st Adult's time records related to the care of L. H. from April 15, 2019 to September 8, 2019. A tabulation[3] of the time actually spent by 1st Adult employees in providing care to L. H. during this period is attached hereto and incorporated herein as **EXHIBIT "A"**. An employee of 1st Adult removed the time records dating from March 9, 2018 to April 15, 2019.

18.     In July of 2019, Ms. Patterson was offered employment by, and briefly worked for, 1st Adult at its office in Lovingston, Virginia. Her employment by 1st Adult ended in September, 2019.

19.     After her employment with 1st Adult, Ms. Patterson became aware that 1st Adult has been

---

3   The actual daily time records include protected medical records and are too voluminous and extensive to attach here. These records will be provided to the appropriate officials in due course.

engaged in the regular practice of overbilling Medicaid and Medicare for home health care of its patients.

20. Ms. Patterson was also informed that 1st Adult's Lovingston office was not properly licensed to provide services to Medicaid recipients from the time the office opened in July of 2019 to the time Ms. Patterson left employment there in September of 2019, but that 1st Adult serviced Medicaid patients from this office notwithstanding the lack of licensure.

## COUNT 1 – FEDERAL FALSE CLAIMS ACT VIOLATION

21. Ms. Patterson, as Relator, incorporates and re-alleges all of the foregoing allegations herein.

22. By submitting false claims to Medicare and Medicaid, 1st Adult falsely certified, explicitly or implicitly, its compliance with all laws, rules and regulations required for payment of the claims.

23. By engaging in the acts set forth above, 1st Adult, by and through its agents, officers and employees, in violation of the False Claims Act, 31 U.S.C. §§ 3729-3723, (i) knowingly presented or caused to be presented to the Government of the United States of America numerous false or fraudulent claims for payment or approval and (ii) knowingly made, used or caused to be made or used, false records or statements to obtain payment or approval of a false or fraudulent claim by the Government of the United States of America.

24. The United States of America has been damaged as a result of 1st Adult's violation of the False Claims Act in an amount to be proven at trial.

25. The United States of America is entitled to treble damages due to 1st Adult's violation of the False Claims Act.

26. The United States of America is entitled to recover civil penalties in the minimum amount of $11,463 and in the maximum amount of $22,927 pursuant to 31 U.S.C. § 3729(a) for each violation of the False Claims Act by 1st Adult.

27. Ms. Patterson, as Relator, is entitled to a maximum of twenty-five percent and in any case no less than fifteen percent of any judgment obtained against 1st Adult if the United States of America intervenes in this action.

28. Ms. Patterson, as Relator, is entitled to a maximum of thirty percent and in any case no less than twenty-five percent of any judgment obtained against 1st Adult if the United States of America declines to intervene in this action.

29. Ms. Patterson, as Relator, is entitled to recover her reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d)(1).

**COUNT 2 – VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT**

30. Ms. Patterson, as Relator, incorporates and re-alleges all of the foregoing allegations herein.

31. Based upon the acts described above, 1st Adult knowingly violated one or more of the following:

- Knowingly presented, or caused to be presented to the Commonwealth of Virginia, a false or fraudulent claim for payment or approval;
- Knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Commonwealth of Virginia.

32. The Commonwealth of Virginia, unaware of the falsity of these claims, records, and statements made by the Defendant, and in reliance on the accuracy thereof, paid money to

Defendant and or the Defendant's agents or subsidiaries;

33. The Commonwealth of Virginia and the general public have been damaged by the Defendant's violations of the Virginia Fraud Against Taxpayers Act.

34. The Commonwealth of Virginia is entitled to treble damages due to 1st Adult's's violation of the Virginia Fraud Against Taxpayers Act pursuant to Code of Virginia § 8.01-216.3.

35. The Commonwealth of Virginia is entitled to recover civil penalties in the minimum amount of $11,463 and in the maximum amount of $22,927 pursuant to Code of Virginia § 8.01-216.3 for each violation of the Virginia Fraud Against Taxpayers Act by 1st Adult.

36. Ms. Patterson, as Relator, is entitled to a maximum of twenty-five percent and in any case no less than fifteen percent of any judgment obtained against 1st Adult if the Commonwealth intervenes in this action.

37. Ms. Patterson, as Relator, is entitled to a maximum of thirty percent and in any case no less than twenty-five percent of any judgment obtained against 1st Adult if the Commonwealth declines to intervene in this action.

38. Ms. Patterson, as Relator, is entitled to recover her expenses, costs and reasonable attorney's fees in bringing forth this action.

**WHEREFORE** with respect to Count One, Ms. Patterson, as Relator, on behalf of herself and the United States of America, requests that this Court grant the following relief:

(a) Judgment against defendant 1st Adult and Pediatric Home Health Care Services, Inc. in an amount equal to three times the amount of damages the United States of America has sustained because of the defendant's actions, plus a civil penalty of $11,463 to $22,927 for each violation of 31 U.S.C. § 3729 and the costs of this action, with interest, including the costs of the United States of America and the Commonwealth of Virginia;

(b) That Ms. Patterson, as Relator, be awarded all costs and expenses, including reasonable attorney's fees;

(c) That in the event the United States of America intervenes in this action, Ms. Patterson, as Relator, be awarded 25%, but in no event less than 15% of the proceeds of the resulting judgment or settlement of this action;

(d) That in the event the United States of America does not intervene in this action, Ms. Patterson, as Relator, be awarded 30%, but in no event less than 25% of the proceeds of the resulting judgment or settlement of this action;

(e) That Ms. Patterson, as Relator, be awarded pre-judgment interest; and

(f) That the United States of America and Ms. Patterson, as Relator, receive all such other legal and equitable relief as this Court deems appropriate.

**WHEREFORE** with respect to Count Two, Ms. Patterson, as the Relator, on behalf of herself and the Commonwealth of Virginia, requests that this Court grant all the relief to which they are entitled under the Virginia Fraud Against Taxpayers Act.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

**JESSICA PATTERSON
By Counsel**


**JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
P (434) 845-4529
F (434) 845-8536
mvalois@vbclegal.com**

By: /s/ M. Paul Valois

**M. Paul Valois, Esquire
Counsel for Relator
Virginia State Bar No. 72326**